TODD BLANCHE
Attorney General
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
COURTNEY STRANGE
Assistant United States Attorney
Nevada Bar Number 13575
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Courtney.Strange@usdoj.gov
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JARVIS WILLIAMS,

Defendant.

Case No.: 2:26-cr-00011-JAD-BNW

**Stipulation for a Protective Order as to Jarvis Williams**

The parties, by and through the undersigned, respectfully request that the Court issue an Order protecting from disclosure to Jarvis Williams, the public, or any third party not directly related to this case, certain materials obtained (Protected Material) in this case. Federal Rule of Criminal Procedure Rule 16(d) provides that courts may issue protective orders restricting certain discovery for good cause. The parties stipulate that good cause exists and state as follows:

1. On January 21, 2026, a grand jury returned an indictment charging defendant Jarvis Williams with interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a), brandishing a firearm during and in relation to a crime of violence, in violation of 18

U.S.C. § 924(c)(1)(A)(ii), prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), and criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c). ECF No. 1.

2. The trial date is currently set for November 17, 2026. ECF No. 23.

3. The Protected Material at issue in this order is limited to the audio recordings and transcripts of interviews of witnesses that the government expects to testify at trial. Specifically, this discovery includes statements made by officers as part of an internal investigation pursuant to department policies regarding officer-involved shootings.

4. In order to prevent dissemination of the Protected Material, the parties intend to restrict access to the Protected Material in this case to the following individuals: attorneys for all parties, and any personnel that the attorneys for all parties consider necessary to assist in performing the attorneys' duties in the prosecution or defense of this case, including investigators, paralegals, experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

5. Jarvis Williams shall not obtain a copy of the Protected Material.

6. Jarvis Williams may review the Protected Material in the presence of his attorney(s).

7. Without leave of Court, the Covered Individuals shall not:

a. make copies for, or allow copies of any kind to be made by any other person of the Protected Material or permit dissemination of the Protected Material at the Southern Nevada Detention Center jail facility, or any other detention facility where Williams is housed, to include leaving a copy of the Protected Material at any detention facility where Williams is housed;

b. allow any other person, other than a Covered Individual, to watch, listen

to, or otherwise review the Protected Material;

c. use the Protected Material for any other purpose other than preparing to defend against or prosecute the charges in the indictment or any superseding indictment arising out of this case; or

d. attach the Protected Material, a transcript derived from the Protected Material, or any quotations from the Protected Material that contains personal identifying information to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal.

8. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Material as evidence at trial or support in motion practice. If the defendants proceed to trial or any evidentiary hearing, the parties will confer to determine whether the terms of this stipulation should be revisited.

9. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

10. The defendant hereby stipulates to this protective order.

DATED this August 28, 2026.

Respectfully submitted,

TODD BLANCHE
Attorney General
*s/ Courtney Strange*
COURTNEY STRANGE
Assistant United States Attorney

*s/ Keisha K. Matthews*
Keisha K. Matthews
Attorney for Defendant Jarvis Williams

**IT IS SO ORDERED**. Additionally, all motions to seal must comply with Local Rule IA 10-5, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and Ctr. for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016).

HONORABLE BRENDA J. WEKSLER
United States Magistrate Judge

August 31, 2026
DATE